**Walter FUNN, Appellant,**

**v.**

**Andrew J. WINSTON, Individually and in his official capacity as City Sergeant for the City of Richmond, Appellee.**

**No. 79–1005.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1979.

Decided Jan. 8, 1980.

Sa'ad El-Amin, Richmond, Va. (Sa'ad El-Amin & Associates, Richmond, Va., on brief), for appellant.

Stacy F. Garrett, III, Commonwealth Atty., Richmond, Va. (James W. Hopper,

---

Baugh, Horwitz & Hopper, Richmond, Va., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Walter J. Funn, a former deputy sheriff at the Richmond City Jail, appeals the district court's order granting his former employer, Andrew J. Winston, Sheriff of the City of Richmond, summary judgment on Funn's claim under 42 U.S.C. § 1983 that he was discharged in violation of his constitutional rights. Sheriff Winston discharged Funn because Funn refused to dismiss a criminal assault warrant he had filed against a prisoner. We affirm.

Funn, while engaged in his duties as a correctional officer, was assaulted by a prisoner, who also threatened harm to Funn's father and home. Funn pressed charges against the prisoner and refused to dismiss the warrant when directly told to do so by his superior officer. The district court found that Funn understood he did not have permission to proceed with the prosecution.

Funn had neither a state-created tenure nor any reasonable expectation of continued employment sufficient to give him a property right in his job. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). As a correctional officer he also had no unqualified constitutional right to use the courts to impose punishment on a prisoner under his custody. Those in charge of a penal system must guard and control the prisoners committed to it. To achieve that care and control, Sheriff Winston must control his deputies as well. The sheriff's policy not to allow them to prosecute prisoners under their custody without his approval has a rational basis: protecting the prisoners and preventing officers from using warrants to cover up improper behavior. Although there is no proof that Funn had abused the prisoner, his superior's decision not to allow the prosecution to go forward reasonably implemented the sheriff's policy. Funn's refusal to abide by this policy justified his discharge.

*AFFIRMED.*