Cynthia K. CARROLL, Personal
Representative of the Estate of
Anthony Keith Davis, Plaintiff,

v.

GREENVILLE COUNTY SHERIFF'S
DEPARTMENT and J.P. Gardner,
Defendants.

Civ. A. No. 6:94–1721–3.

United States District Court,
D. South Carolina,
Greenville Division.

Dec. 29, 1994.

Donald Roscoe Moorhead, Christian, Moorhead & Davis, Andrew P. Leventis, Jr., Andrew P. Leventis, Jr., The Leventis Law Firm, Greenville, SC, for plaintiff.

James D. Brice, James P. Walsh, Gibbes & Clarkson, Greenville, SC, for defendant.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

This matter is before the Court on Defendants' motion for judgment as a matter of law. Because this Court lacks subject matter jurisdiction, the action is dismissed.

This is a wrongful death case, brought under diversity of citizenship jurisdiction. Plaintiff alleges that a deputy sheriff, in pursuit of a fleeing suspect, collided with a third party vehicle, careening off the vehicle and killing an innocent pedestrian lawfully using the highway. Plaintiff sought damages via common-law negligence as well as relief for a claimed deprivation of civil rights pursuant to 42 U.S.C. § 1983.

At oral argument on several pretrial motions, this Court determined, and Plaintiff conceded, that Plaintiff had no basis for relief under § 1983. The Fourth Circuit has made clear that this sort of negligence and gross negligence action may be seen as violating a civil right, by depriving a person of substantive due process, only if the conduct alleged "shocks the judicial conscience." *Temkin v. Frederick County Commissioners*, 945 F.2d 716 (4th Cir.1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), *quoting Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). The deputy sheriff in this case had a sound basis for probable cause that the fleeing suspect had committed a felony. The deputy sheriff was faced with a Hobson's choice: to let the fleeing felon continue his high-speed flight to avoid detection and capture, or to keep him in sight, waiting for an opportunity to stop him. The deputy was charged with enforcing the law, and it is not reasonable to assume that he could have known that the suspect would cause a fatal accident. Thus, the conduct alleged in this case does not shock the judicial conscience. Therefore, there is no civil rights violation, nor grounds for a § 1983 action.

Additionally, the common law claims fall within the ambit of the South Carolina Tort Claims Act, S.C.Code Ann. 15–78–10 through –190 (Law.Co-op.1993). The Court has further ruled that the individual defendant is not a proper party under the South Carolina Tort Claims Act, but instead, the office or department is required to be named. Hence, the only proper party in this case is Johnny Mack Brown, in his official capacity as Sheriff of Greenville County. S.C.Code Ann. 15–78–70. This is equivalent to a suit against the State itself. Because South Carolina is not amenable to suit in this court without the state's express permission, the action must be dismissed.

States enjoy immunity from suit in federal court by citizens of another state or citizens of foreign states. U.S. CONST. amend. XI. Additionally, a federal court may hear no state law claim against a State

or state agency absent the State's express consent to be sued in federal court. *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). An action against South Carolina will not lie in this Court without South Carolina's express waiver of Eleventh Amendment immunity.

 This suit against the sheriff in his official capacity is a suit against South Carolina. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see also Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is well-established in this state that a sheriff's office is an agency of, and a sheriff "dominated by," the state, such that a suit against the sheriff in his official capacity is a suit against the State. *Gulledge v. Smart,* 691 F.Supp. 947 (D.S.C.1988), *affd.* 878 F.2d 379 (1989) (discussing sheriff as an agent and alter ego of the state). These cases' primary concern with § 1983 does not change the conclusion that a suit against the sheriff's office is a suit against the state.

Moreover, South Carolina statutes make it clear that the proper defendant in this case is the State, and that the case may not be brought in federal court. South Carolina adheres to the doctrine of sovereign immunity. *Belue v. City of Spartanburg,* 276 S.C. 381, 280 S.E.2d 49 (1981). For tort claims, South Carolina has partially waived sovereign immunity via its Tort Claims Act. The chapter is the "exclusive remedy for any tort committed by an employee of a governmental entity." 15–78–70(a). Employees are defined as "any officer, employee, or agent of the State or its political subdivisions, including elected or appointed officials, [and] law enforcement officers. . . ." 15–78–30(c). The Act provides that the party defendant be only the agency or political subdivision for which he was acting. 15–78–70(c). South Carolina also specifically reserved its Eleventh Amendment immunity regarding the Tort Claims Act. 15–78–20(e). There is no allegation in this suit that the deputy was acting outside the scope of his official duties; the Court has ruled that the proper party is the sheriff in his official capacity.

As the only defendant left in this suit is the sheriff in his official capacity, that is to say, the state of South Carolina, this Court lacks jurisdiction to hear the case. Plaintiff is well within the state statute of limitations should he wish to revive his suit in a South Carolina state court. This reasoning follows the reasoning and result in *Bellamy v. Borders,* 727 F.Supp. 247 (D.S.C.1989).

THEREFORE, it is Ordered that this case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.