**Patrick DOWDEN, Plaintiff,**

v.

**CITY OF SACRAMENTO,**
**et al., Defendants.**

**No. Civ–S–98–2072–DFL JFM.**

United States District Court,
E.D. California.

Feb. 26, 1999.

---

Patrick Dowden, Kasey Christopher Clark, Mastagni Holstedt and Chiurazzi, Sacramento, CA, for plaintiff.

Bruce C. Cline, Sacramento City Attorney, Sacramento, CA, for defendants.

## MEMORANDUM OF OPINION AND ORDER

LEVI, District Judge.

Plaintiff Patrick Dowden brings this section 1983 action challenging disciplinary action taken against him by the Sacramento Police Department (the "Department"). The Department moves to dismiss Dowden's action under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or, in the alternative, to stay the proceedings.

### I.

Dowden is currently employed as a sergeant in the Department, where he has worked since 1976. (Compl.¶ 11.) His complaint centers around two disciplinary actions taken against him. First, the Department suspended him without pay for 40 hours on July 22, 1998 for using a Department fax machine to transmit a personal document "contain[ing] inflammatory and critical statements about the mayor of Sacramento and the Chief of Police." (Defs.' Req. for Judicial Notice Exh. 2.) Second, the Department demoted him from his previous position as lieutenant on October 2, 1998, claiming, among other things, that he (1) failed to follow orders and engaged in inappropriate behavior during the arrest of another officer for spousal abuse; (2) made misrepresentations to Internal Affairs officers investigating the arrest; and (3) made inappropriate remarks to other officers during a roll call. (Defs.' Req. for Judicial Notice Exh. 4.)

Dowden appealed these decisions to the Civil Service Board on July 28, 1998 and October 5, 1998 respectively. (Defs.' Req. for Judicial Notice Exhs. 3, 5.) Under Rule 12 of the Board's Rules and Regulations, appeals are initially made to a Board-appointed hearing officer, who conducts a formal hearing at which both sides may call witnesses and present evidence. Civ.

Serv.Bd.R. 12.10(a). The hearing officer then prepares a written decision setting forth his findings and submits it to the Board, which is free to adopt, reject, or modify the decision. *Id.* 12.10(d). Dowden's appeals have yet to be heard.

On October 2, 1998, Dowden filed a section 1983 action in state court challenging his suspension and subsequent demotion. In his First Amended Complaint, Dowden alleges that the Department's disciplinary actions were taken in retaliation for speech and union activities protected by the First Amendment. (Compl.¶ 1, 18, 20.)

The Department removed Dowden's action to federal court on October 22, 1998, and now asks the court to abstain under *Younger.*

### II.

█ *Younger* abstention is proper where "the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *The San Remo Hotel v. City and County of San Francisco,* 145 F.3d 1095, 1103 (9th Cir.1998). Even if these elements are met, a federal court may not abstain if the state court action was instituted in bad faith. *See Aiona v. Judiciary of the State of Haw.,* 17 F.3d 1244, 1248 (9th Cir.1994).

The parties do not dispute that Dowden's appeals to the Civil Service Board constitute ongoing judicial proceedings, but contest whether the other two requirements for *Younger* abstention are met here. In addition, Dowden argues that *Younger* abstention is inappropriate because (1) he does not seek injunctive relief against the Board itself; (2) he seeks damages as well as injunctive relief; and (3) the exception for bad faith suits applies here.

A. California's interest in Dowden's administrative appeal

█ The Department argues that California's interest in Dowden's appeal to the Civil Service Board warrants abstention. The court concurs.

*Younger* held that a federal court could not enjoin an ongoing criminal proceeding in state court, citing both the principle that a court sitting in equity may not restrain a criminal prosecution and the "more vital consideration[s]" of comity and federalism. *See* 401 U.S. at 43–44, 91 S.Ct. at 750–51. Recognizing that "the concern for comity and federalism is equally applicable to certain other pending state proceedings," *Ohio Civil Rights Comm'n v. Dayton Christian Sch.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 2722, 91 L.Ed.2d 512 (1986), the Court has extended *Younger* abstention to civil administrative proceedings in which the state has a strong interest, *see id.* at 626–28, 106 S.Ct. 2718, 477 U.S. 619, 106 S.Ct. 2718, 2722–23, 91 L.Ed.2d 512 (abstaining where the federal plaintiff challenged an administrative action brought by the state's civil rights agency); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432–35, 102 S.Ct. 2515, 2521–23, 73 L.Ed.2d 116 (1982) (abstaining where the federal plaintiff brought suit to enjoin an administrative disciplinary action brought against him by the state bar's ethics committee).

California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct. *See McDonald v. Metro–North Commuter R.R. Div. of the Metro. Transit Auth.*, 565 F.Supp. 37, 40 (S.D.N.Y.1983) (abstaining under *Younger* on the ground that "New York State has a compelling concern in ensuring the honesty and integrity of its police officers, and federal interference in the enforcement of that concern by a state agency would be unwarranted"); *Rosko v. Pagano*, 466 F.Supp. 1364, 1371 (D.N.J. 1979) ("The State's concern in the effective operation of its premiere law enforcement agency is on the same level as the interests respected in [the Supreme Court's decisions upholding *Younger* abstention]"). Because this interest is comparable to other state interests deemed sufficient to warrant *Younger* abstention, *see Aiona* 17 F.3d at 1249 (noting that the state had a strong interest in its administrative scheme governing drivers); *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1360 (9th Cir.1986) (noting that the state had a strong interest in its administrative scheme regulating labor relations), it suffices to support abstention here.

### B. Opportunity to litigate

The Department maintains Dowden will have an adequate opportunity to litigate his First Amendment claim in the proceeding before the Civil Service Board. Dowden challenges the sufficiency of the proceeding on two grounds: (1) he may not be permitted to assert his constitutional claim; and (2) the proceeding does not provide an adequate opportunity to conduct discovery. These arguments lack merit.

■ A state administrative scheme fails to provide an adequate opportunity to present federal claims "only when procedural laws bar presentation of the claims." *Dubinka*, 23 F.3d at 224. Dowden bears the burden of showing that he is barred from interposing his First Amendment defense in the Civil Service Board appeal. *See Lebbos v. Judges of the Superior Court*, 883 F.2d 810, 815 (1989).

■ Dowden points out that the Civil Service Board Rules do not expressly provide for the interposition of constitutional defenses, but this does not suffice to bar *Younger* abstention. The Rules do not preclude Dowden from asserting constitutional defenses, and California case law suggests that civil service boards routinely consider First Amendment defenses to adverse employment decisions. *See, e.g. Department of Corrections v. State Personnel Bd.*, 59 Cal.App.4th 131, 150, 69 Cal. Rptr.2d 34, 45 (1997) (upholding the State Personnel Board's decision to reduce a correctional officer's dismissal to a suspension because his alleged misconduct constituted protected speech).[1]

---

1. Even if the Board refused to consider Dowden's First Amendment claim, the opportunity

■ Dowden's challenge to the adequacy of the discovery procedures available to him under the Civil Service Board Rules is equally unavailing. Although the Ninth Circuit has not addressed the minimum procedural requirements for administrative adjudications in the context of *Younger* abstention, it has addressed that issue in several res judicata cases. Even if administrative proceedings do not provide for pretrial discovery, they have sufficient procedural safeguards to be given preclusive effect if they authorize a public evidentiary hearing at which the parties may (1) be represented by counsel; (2) call witnesses; and (3) present oral and documentary evidence. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1036–37 (9th Cir.1994); *see also Eilrich v. Remas*, 839 F.2d 630, 634 (9th Cir.1988) (giving preclusive effect to state administrative ruling made after a formal hearing at which "both sides were entitled to call, examine and cross-examine witnesses under oath or affirmation"). The procedural safeguards established by the Civil Service Board Rules exceed the Ninth Circuit's fairness requirements. The Rules permit the parties to conduct limited pre-trial discovery, and provide for a hearing at which the parties have the right to introduce exhibits, call and examine witnesses, and cross-examine opposing witnesses. *See* Civ.Serv.Bd.R. 12.11; *id.* 12.10(c)(3). Moreover, the Board has the power to issue subpoenas and subpoenas duces tecum at the request of the parties. *See id.* 12.12.

The Civil Service Board thus provides Dowden with an adequate opportunity to present his First Amendment claim.

C. Dowden's request for injunctive relief

■ Dowden argues that *Younger* abstention is improper here because his request for injunctive relief is not directed at the Civil Service Board itself. This argument fails.

In his complaint, Dowden requests "the following injunctive relief: That a mandatory injunction be issued reinstating Plaintiff to the position of lieutenant and that Defendants be enjoined from any further retaliation based upon the exercise of Plaintiff's First Amendment rights." (Compl.¶ 26.) The distinction drawn by Dowden between this request for injunctive relief and a request that the state proceedings be enjoined is not persuasive. As a practical matter, the injunction sought by Dowden would halt the proceedings before the Board, since it would compel the Department to give him the reinstatement he seeks in his administrative appeal. Moreover, if Dowden's claims were resolved in federal court prior to resolution of his state administrative and judicial appeal, under res judicata principles the federal judgment would have preclusive effect in the state proceeding. This is true whether or not Dowden's case was then pending on appeal before the state court, *see Martin v. Martin*, 2 Cal.3d 752, 761, 87 Cal.Rptr. 526, 532, 470 P.2d 662 (1970) ("A federal court judgment has the same effect in the courts of this state as it would in a federal court"), or still before the Board, *see Pacific Coast Med. Enter. v. Department of Benefit Payments*, 140 Cal.App.3d 197, 214, 189 Cal. Rptr. 558, 568 (1983) (noting that res judicata principles are applicable in administrative proceedings).[2]

---

to raise constitutional claims in state judicial proceedings reviewing an administrative ruling is sufficient to support *Younger* abstention. *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 713 (9th Cir.1995); *Delta Dental Plan of Cal. v. Mendoza*, 139 F.3d 1289, 1296 (9th Cir.1998). California law permits Dowden to appeal the Board's decision to the state superior court by way of a petition for writ of mandate. *See* Cal.Code Civ.Proc. § 1094.5; *Riveros v. City of Los Angeles*, 49 Cal.Rptr.2d 238, 243–47, 41 Cal. App.4th 1342, 1349–55 (1996). Because the

state court "is required to exercise its independent judgment" in reviewing a civil service board's disciplinary ruling, *Barber v. Long Beach Civil Serv. Comm'n*, 53 Cal. Rptr.2d 4, 8, 45 Cal.App.4th 652, 658 (1996), Dowden may be able to assert his First Amendment defense in any judicial appeal even were he unable to assert it before the Board.

**2.** According to Dowden, *Confederated Salish v. Simonich*, 29 F.3d 1398 (9th Cir.1994), stands for the proposition that *Younger* ap-

Because the injunction sought by Dowden would disrupt the Civil Service Board proceeding, and the general requirements for *Younger* abstention are met here, Dowden's section 1983 claim for injunctive relief must be dismissed.

D. Dowden's action for money damages

■ Dowden contends that the court cannot invoke *Younger* abstention because he has asserted a section 1983 claim for damages.

The Supreme Court has not addressed whether *Younger* abstention applies to section 1983 claims for damages, *see Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988) ("We need not decide the extent to which the *Younger* doctrine applies to a federal actions seeking only monetary relief."), and the Ninth Circuit has recently recognized that the applicability of *Younger* to damages actions remains "unclear," *Martinez v. Newport Beach City*, 125 F.3d 777 (9th Cir. 1997); *see also Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 n. 5 (9th Cir.1995).

If the requirements for *Younger* abstention are met, however, the prevailing approach is to stay the section 1983 action for damages pending resolution of the state proceeding.[3] *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075–76

(6th Cir.1998); *Simpson v. Rowan*, 73 F.3d 134, 138–9 (7th Cir.1995); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir.1988). This approach "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claim in state court." *Carroll*, 139 F.3d at 1075–76. A stay ensures that a federal plaintiff who is unable to pursue damages in the parallel state proceedings can return to federal court and reassert his claim for damages without being time-barred. *See id.* at 1076 (observing that "a stay will protect [the plaintiff's] claims from the statute of limitations"). Moreover, staying rather than dismissing the action is consistent with the Supreme Court's recent decision in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), in which the Court observed that "we have applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." *Id.* at 719, 116 S.Ct. at 1722.

Because the general requirements for *Younger* abstention are met here, the court will stay Dowden's section 1983 action pending resolution of his state administrative proceedings.[4] Sensible case man-

plies only to federal actions seeking to enjoin state proceedings directly. In that case, however, the Ninth Circuit held *Younger* inapplicable because the federal plaintiff took deliberate steps to avoid disrupting the state proceedings. Upon filing its federal complaint, the plaintiff immediately moved for and was granted *Pullman* abstention, postponing adjudication of the federal complaint until after the state court adjudicated the state law issues raised in that forum. *See id.* at 1401. In contrast, Dowden seeks injunctive relief that, if granted, would circumvent the state administrative proceeding.

**3.** Dowden points out that the Ninth Circuit refused to apply *Younger* to an action for damages in *Lebbos v. Judges of the Superior Court*, 883 F.2d 810 (9th Cir.1989), but that case is distinguishable. In *Lebbos*, the federal plaintiff's section 1983 claim for damages was based on constitutional theories entirely dis-

tinct from the constitutional theories she advanced in the parallel state court proceeding. *See id.* at 812, 817. Accordingly, the federal court's adjudication of her claim for damages would not have interfered with the state court proceeding. *See id.* at 817. In this case, however, Dowden's claim for damages rests on the same First Amendment theory potentially at issue in his appeal to the Board, thus presenting the potential for disruption of the state proceeding were the action to continue here.

**4.** The Department points out that the Ninth Circuit invoked *Younger* to dismiss a section 1983 action for damages in *Mann v. Jett*, 781 F.2d 1448 (9th Cir.1986). However, *Mann* was a per curiam opinion that did not expressly address whether a claim for damages should be stayed rather than dismissed, and was decided prior to *Quackenbush*.

agement also suggests a stay of the later filed action.

## E. Exception for fraud and harassment

 Dowden urges the court to apply the exception for state proceedings brought in bad faith and with the intent to harass. Dowden instituted the administrative appeal himself, however, and he has not asserted "repeated harassment by enforcement authorities with no intention of securing a conclusive resolution by an administrative tribunal or the courts, or of pecuniary bias by the tribunal." *Partington v. Lum,* 961 F.2d 852, 862 (9th Cir. 1992). Accordingly, this exception does not apply here.[5]

### III.

Dowden's section 1983 claim seeking injunctive relief is DISMISSED WITHOUT PREJUDICE, and his section 1983 claims seeking damages is STAYED pending resolution of his state proceedings.

IT IS SO ORDERED.

---

**5.** Dowden also maintains that by removing this action, the Department has consented to federal court jurisdiction and is precluded from moving for *Younger* abstention. But a state does not waive the comity and federalism interests undergirding *Younger* by invoking the jurisdiction of the federal courts. *See* *Ohio Civil Rights Comm'n v. Dayton Christian Schls.,* 477 U.S. 619, 626, 106 S.Ct. 2718, 2722, 91 L.Ed.2d 512 (1986) (declining to interpret the state's stipulation to federal court jurisdiction as a waiver of its *Younger* abstention argument).