Kelvin **WATFORD**, Plaintiff,

v.

**F.C. BRUCE, Deputy Sheriff,**
Defendant.

No. CIV.A.99–1207–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 5, 2001.

Kelvin Watford, Powhatan, VA, for Plaintiff.

Lawrence Dumville, Virginia Beach, VA, for Defendant.

*ORDER*

LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss the complaint for failure to state a claim on which relief may be granted pursuant to Fed. R.Civ.P. 12(b)(6). The issue presented is whether a pre-trial detainee who alleges that he was assaulted by a sheriff's deputy with such force that he sustains bruising, scarring and swelling has stated a viable claim under 42 U.S.C. § 1983. Specifically, plaintiff asserts that on or about February 16, 1999, while he was a pre-trial detainee, defendant, a sheriff's deputy at the Virginia Beach Correctional Center, choked him and that as a result, he suffered bruising, scaring and swelling. Plaintiff further alleges that this attack was unprovoked and unwarranted and was a result of the defendant's "personal problems." Defendant argues in his Motion to Dismiss that even if plaintiff was attacked, plaintiff's injuries are *de minimis,* and thus not actionable under 42 U.S.C. § 1983. Because the case law from the Fourth Circuit on inmate assault and injury in § 1983 claims appears to be in conflict[1] with the United States Supreme Court, this Court holds that plaintiff has alleged a viable cause of action and Defendant's Motion to Dismiss will be DENIED.

1. *See* Troy J. Aramburum, *The Role of "De Minimis" Injury in the Excessive Force Determination: Taylor v. McDuffie and the Fourth* *Circuit Stand Alone,* 14 BYU J. Pub.L. 313 (2000).

## I. Background

On or about February 16, 1999, plaintiff, a pre-trial detainee at the Virginia Beach Correctional Center, alleges he was taken from his cell by the defendant, a sheriff's deputy at the Correctional Center, to a nearby room. Once in the room, the defendant began to assault the plaintiff. Plaintiff alleges that the deputy "pushed me and choked me [sic] till I could hardly breath, so I asked him to let me go ..." Pl.'s Am. Compl. at 1. Plaintiff asserts that he suffered bruising, scarring and swelling as the result of this assault. After filing administrative grievances with the Correctional Center, all of which were denied, plaintiff filed the instant action.

On June 28, 2000, the Defendant answered the complaint with a Motion to Dismiss for failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). At that time, the Court gave the plaintiff an opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d· 309 (4th Cir. 1975). On October 18, 2000, the plaintiff filed responsive materials opposing defendant's Motion to Dismiss.

## II. Motion to Dismiss Standard

In resolving a motion to dismiss, a court "presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party." *Sumner v. Tucker*, 9 F.Supp.2d 641, 642 (E.D.Va.1998) (citing 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994)). *See also Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). Additionally, *pro se* civil rights complaints must be construed more liberally than pleadings filed by lawyers. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, the complaint survives a Rule 12(b)(6) motion unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (internal quotation omitted); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (holding 12(b)(6) motion should be denied unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Plaintiff's claims must be examined through the lens of these principles.

## III. *De Minimis* Inmate Assault

■ Defendant argues in his Motion to Dismiss that plaintiff's injuries were *de minimis*, and therefore, are not actionable under 42 U.S.C. § 1983. *See* Def.'s Mot. to Dismiss at 3. To support this assertion, defendant relies on two recent Fourth Circuit decisions, *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994) (en banc) and *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir.1998). *See id.* These cases held that a prisoner or pre-trial detainee cannot prevail on a excessive force cause of action filed under 42 U.S.C. § 1983 if the injury suffered by the prisoner was *de minimis*. *See Norman*, 25 F.3d at 1263; *see also McDuffie*, 155 F.3d at 481. In other words, if the prisoner's or detainee's injuries were *de minimis*, then the force used to inflict the "injury" is *per se de minimis* and no viable cause of action exists. *Id.* The Fourth Circuit held in *McDuffie* that "temporary swelling and irritation is precisely the type of injury this Court considers de minimis." *McDuffie*, 155 F.3d at 484. Based on the Fourth Circuit's holding that temporary swelling and irritation is *de minimis*, the defendant argues that plaintiff is asserting the same type of injuries in this action, and therefore, the Court must find that plaintiff's injuries are also *de minimis*.

These holdings are seemingly in conflict with the United States Supreme Court holding in *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In *Hudson*, the Court decided that excessive use of force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury. *See id.* at 4, 112 S.Ct. 995. Justice O'Connor stated in *Hudson* that:

when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *This is true whether or not significant injury is evident.* Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Hudson,* 503 U.S. at 9, 112 S.Ct. 995 (emphasis added).

In other words, the United States Supreme Court recognized that a *per se* non *de minimis* injury requirement would give prison officials carte blanche ability to "punish" prisoners physically so long as the injuries inflicted were not severe. "Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today." *Id. Hudson* does not require inmates to allege that they were severely beaten or maimed on order to state a Eighth Amendment cause of action under § 1983. The Court did acknowledge, however, that "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* The Court opined that the Eighth Amendment proscription against cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 10, 112 S.Ct. 995.

*De minimis* refers to trifling or very small matters. The *Hudson* Court is referring to trivial uses of force as distinct from categorizing injuries as severe, moderate or trivial. The *Hudson* Court did not specify what type or level of injury is necessary to state a viable claim. Moreover, the Court seems to recognize that an unprovoked punch in the face would violate the Eighth Amendment, particularly where the inmate suffers some painful injury. The Court observed that there is a difference between "punching a prisoner in the face and serving him unappetizing food." *Id.* at 11, 112 S.Ct. 995.

In this case, plaintiff's complaint describes an unwarranted, unprovoked assault by a guard which caused him serious injuries. The Eighth Amendment surely does not afford guards in a detention center with the cloak of insulation from cruel and unusual punishments inflicted upon an inmate in custody so long as the assault is not severe. As the *Hudson* Court points out, "punishments 'incompatible with evolving standards of decency that mark the progress of a maturing society' or 'involving the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Id.* (Citation omitted). The *Hudson* Court also held that "bruises, swelling, loosened teeth and a cracked dental plate are not *de minimis* for Eighth Amendment purposes." *Hudson,* 503 U.S. at 10, 112 S.Ct. 995. Neither *Norman* nor *McDuffie* compel a different result in the instant action. The question of whether a complaint states a viable claim and whether or not an alleged injury is *de minimis* must be decided on a case by case basis.

### IV. Conclusion

Accordingly, this Court holds that the allegations of injury in this complaint are not *de minimis*. Therefore, this Court holds that the instant complaint states a viable cause of action for cruel and unusual punishment under 42 U.S.C. § 1983 where the inmate alleges that he sustained bruising, swelling and scarring injuries as a result of an unprovoked assault and choking by a sheriff's deputy. Thus, Defendant's Motion to Dismiss is DENIED.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff is **DIRECTED** to describe, in as much detail as possible, the injuries he allegedly received as a result of this incident within thirty (30) days of the date of this Order;

2. Plaintiff and defendant are **DIRECTED**, were possible, to provide affida-

vits of any witnesses to the alleged incident or injuries;

3. The Virginia Beach Correctional Center is **DIRECTED** to submit to the Court within thirty (30) days from the date of this Order any and all medical records pertaining to the alleged assault on the plaintiff that occurred on or about February 16, 1999;

4. Within thirty (30) days of the date of this Order, the defendant is **DIRECTED** to describe, in as much detail as possible, the surrounding events that lead to defendant's attempt to maintain order and discipline in the jail on or about February 16, 1999; and,

5. Within thirty (30) days of the date of this Order, the defendant is **DIRECTED** to provide the Court with any incident reports, disciplinary reports, or any other records pertaining to the incident that occurred on or about February 16, 1999.

The Clerk is DIRECTED to send a copy of this Order to plaintiff, a copy of this Order to counsel of record for the defendant and a copy of this Order to the Virginia Beach Correctional Center.