46 F.3d 1125
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jacob Thomas MOULTRIE, Plaintiff-Appellant,
v.
Charles MITCHELL, Sergeant; Frederick Pasley, Corporal;
Rueben Greenberg, Police Chief; Charleston, South Carolina
Police Department; City of Charleston, as employer of the
foregoing Defendants, Defendants-Appellees.
 No. 93-1510.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided Jan. 18, 1995.
 
 Jacob Thomas Moultrie, Appellant Pro Se.
 James Albert Stuckey, Jr., STUCKEY & KOBROVSKY, Charleston, SC, for Appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jacob Thomas Moultrie appeals from a district court order that dismissed some Defendants in his 42 U.S.C. Sec. 1983 (1988) action and a jury verdict in favor of the remaining Defendants. We find that the district court did not abuse its discretion in dismissing some of the Defendants, in excluding some items of evidence Moultrie proffered, in intervening during Moultrie's examination of some witnesses, or in refusing to exclude the Defendants from the courtroom during each other's testimony. We also find that the closing comments of the defense counsel were not unduly inflammatory and that the evidence supported the jury verdict. We therefore affirm the district court orders and the jury verdict.[1]
 
 
 2
 Moultrie alleged in his Sec. 1983 complaint that the Defendants used excessive force in arresting him and that as a result of the alleged beating he now suffers from headaches, nausea, blurred vision, a loss of equilibrium, and seizures, for which he takes prescribed medication. After Moultrie presented his evidence during a two-day jury trial, the court granted a defense motion to dismiss the complaint as to the City of Charleston, the City of Charleston Police Department and the Chief of Police of that department. The court denied the motion as to the remaining defendant police officers. The jury returned a verdict in favor of the Defendants.
 
 
 3
 The doctrine of respondeat superior is generally inapplicable to Sec. 1983 suits, Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978), but liability may attach if the conduct directly causing the deprivation of a constitutional right was undertaken to effectuate official policy or custom for which the official is responsible. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir.1982). A higher official may be liable for the acts of subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985).
 
 
 4
 The record establishes that even if Moultrie's allegations were true, the actions of the police officers did not effectuate any official policy or custom of the police department. Neither was there any evidence that the police chief was aware that the police officers posed a pervasive, unreasonable risk of harm, or, that he failed to take corrective action if he was aware of such a risk. Therefore, the court properly dismissed the police chief as a defendant.
 
 
 5
 Local governing bodies may be sued for monetary, declaratory, or injunctive relief under Sec. 1983 when the alleged unconstitutional action executes governmental policy or custom. Monell, 436 U.S. at 694. To establish municipality liability, Moultrie must establish that his harm was caused by a constitutional violation for which the municipality is responsible. Collins v. City of Harker Heights, 60 U.S.L.W. 4182, 4184 (U.S.1992). A municipality is responsible only when the execution of the government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts injury. Monell, 436 U.S. at 694. Where the constitutional deprivation is not an official act of the municipality, recovery lies only against the officer in his official capacity. Hughes v. Blankenship, 672 F.2d 403, 405-06 (4th Cir.1982).
 
 
 6
 There is no evidence that the City of Charleston or its police department is responsible for any alleged constitutional violation or that Moultrie suffered any injury as a result of the execution of any governmental policy or custom. Therefore, we find that the court did not err in dismissing the City of Charleston and the Charleston Police Department from the case.
 
 
 7
 Moultrie asserts that the court improperly questioned him concerning an enlargement he had made of a "mug shot" taken on the evening of his arrest. He alleges that the court's questioning supported the defense's implication that the enlarged photo was an altered version of the original mug shot. The defense objected to admitting the photograph as evidence because it was "a very poor reproduction." During one discussion of the photograph that took place out of the presence of the jury, the court commented, "I don't think these large photographs are anything like a correct representation of or similarity to the smaller ones."
 
 
 8
 The court nonetheless permitted Moultrie to introduce the larger photo as evidence. When that occurred, the court questioned Moultrie further in the jury's presence concerning the circumstances of the enlargement. Moultrie testified that he had the enlarged photo produced at a "printing company" from the smaller mug shot. The defense pointed out that there was some difference in color between the two photographs.[2]
 
 
 9
 Excessive intervention by a trial judge may be improper, Anderson v. Warden, Md. Penitentiary, 696 F.2d 296, 299 (1982), cert. denied, 462 U.S. 1111 (1983), but mere intervention does not, without more, deny due process. See United States v. Morrow, 925 F.2d 779, 781 (4th Cir.1991). This Court reviews the conduct of a federal judge at trial for abuse of discretion. Quercia v. United States, 289 U.S. 466, 470 (1933).
 
 
 10
 We find that the trial judge did not abuse his discretion in questioning Moultrie concerning the enlargement. The questions were neither excessive nor indicative of any point of view concerning the value of the evidence. The court sought to clarify the circumstances under which the enlargement was produced and avoided any comment on the value or weight of the evidence in the jury's presence.
 
 
 11
 Moultrie asserts that the court improperly refused to admit an affidavit purportedly from his former defense counsel who represented him at the time of his arrest. He alleges that the affidavit attests to the injuries he received at the time of his arrest. The court sustained the defense's objection to the affidavit's admission on hearsay grounds. We find that the court correctly determined that the evidence was inadmissible hearsay that did not fall under any of the hearsay exceptions. See Fed R. Evid. 801-804.
 
 
 12
 Moultrie asserts that comments from defense counsel, particularly in his closing argument, were unduly inflammatory. He does not reference any specific comments. Though some of defense counsel's comments might be perceived as harsh, they were not so inflammatory that they infected the entire trial with unfairness such that Moultrie was denied due process. See Darden v. Wainwright, 477 U.S. 168, 181 (1986).
 
 
 13
 Moultrie alleges that the court improperly restricted his examination of witnesses. Again, he does not reference any specific action of the court to support this claim. We find that the court's limited intervention in Moultrie's direct and cross-examinations of witnesses was reasonable. The trial court may impose reasonable limits on cross-examination to preclude repetitive and unduly harassing interrogation. See Davis v. Alaska, 415 U.S. 308, 316 (1974).
 
 
 14
 Moultrie next alleges that the court improperly refused to sequester the two defendant police officers from the courtroom because they both testified as witnesses. The court declined to exclude them from the courtroom because the officers were both defendants in the case. The court agreed to exclude all other witnesses from the courtroom and granted Moultrie leave to treat the Defendants as hostile witnesses and to ask them leading questions.
 
 
 15
 Under Fed.R.Evid. 615, the court shall order witnesses excluded at the request of a party so they cannot hear testimony of other witnesses. The rule, however, does not authorize the exclusion of "a party who is a natural person." Therefore, this claim is meritless.
 
 
 16
 Finally, we find that the evidence was sufficient to support the jury's conclusion that the Defendants did not use excessive force in arresting Moultrie. Though Moultrie's account of the encounter conflicted with the Defendants' account, determinations as to the credibility of witnesses and the weight to be accorded evidence are matters within the sole province of the jury. See Trimed, Inc. v. Sherwood Medical Co., 977 F.2d 885, 888 (4th Cir.1992). There was testimony that Moultrie was swinging his arms and struggling with the police officers during his arrest. In addition there was little, if any, medical evidence that Moultrie suffered any harm during the encounter with the Defendants.
 
 
 17
 For these reasons, we affirm the district court's order and the jury verdict in favor of the police officers. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Because the district court granted Moultrie's motion for preparation of a transcript of the hearing at Government expense, we deny the motion in this Court. We also deny the motion for appointment of counsel
 
 
 [2]
 This testimony was read back to the jury when they submitted a question to the court concerning "the type of color" in the enlarged photograph