Tavon DIXON, # 309–405

v.

**BALTIMORE CITY POLICE DEPARTMENT, et al**

No. CIV.A. AW–03–1984.

United States District Court, D. Maryland.

Oct. 14, 2003.

Tavon Dixon, Hagerstown, MD, pro se.

## MEMORANDUM

ALEXANDER WILLIAMS, JR.,
District Judge.

On July 8, 2003 plaintiff, presently incarcerated at the Maryland Correctional Training Center, [MCTC], filed a *pro se* action pursuant to 42 U.S.C. § 1983, seeking the return of $250.00[1] seized from plaintiff in September of 1999.

Counsel for defendant, Baltimore City Police Department, has filed a dispositive motion, (*see* Paper No. 8), which shall be treated as a motion for summary judgment. Plaintiff has not filed an opposition thereto.[2] (Paper Nos. 9 and 15). No hearing is needed to resolve the question as to whether plaintiff is entitled to relief. *See* Local Rule 105.6.

Rule 56 of the Federal Rules of Civil Procedure provides that:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir.1997) (*citing Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir.1991). The "mere existence of a scintilla of evidence in support of . . . plaintiff's position" is not enough to defeat a defendant's summary judgment *motion*. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Preliminarily, the Court notes that under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, Ann., State Gov't, § 12–101, *et seq,* it has not waived its immunity under the Eleventh Amendment to suit in federal court. Accordingly, plaintiff's complaint against the Baltimore City Police Department, a state agency, shall be dismissed.

1. It appears that the actual amount in controversy is $210.00. (Paper No. 8,Ex. 1).

2. Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), on September 9, 2003, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 9). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*)

■ While the Baltimore City Police Department is entitled to dismissal in this case, it is clear that its employees, if appropriately named and served in connection with this lawsuit would be entitled to summary judgment.

On September 23, 1999 officers of the Baltimore City Police Department arrested plaintiff for possession with intent to distribute heroin. (Paper No. 8, Ex. 3). At the time of plaintiff's arrest $210.00 was seized. (*Id.*) On or about August 2, 2002 plaintiff was sentenced for this offense. (*Id.*, Ex. 1).

Maryland law provides that money seized in connection with the illegal use, possession or distribution of drugs be subject to forfeiture proceedings. *See* Md. Code Crim. Pro. § 12–102 (formerly Md. Ann.Code art. 27, § 297). The burden of proof is upon the claimant to rebut the State's presumption that the money should be subject to forfeiture. *See Prince George's County v. Blue Bird Cab Co.*, 263 Md. 655, 284 A.2d 203 (1971); Md.Code Crim. Pro. § 12–103. If the individual whose money was seized fails to petition for return of the money within one year from the date of final disposition of criminal proceedings, the money reverts to the State treasury. *Id.* § 12–304(3)(i). If forfeiture proceedings are not instituted by the state within ninety days of the final disposition of criminal charges the money shall be returned to the defendant upon a petition being filed by the defendant. *Id.*, § 12–304(c)(i). Under Maryland law, forfeiture is treated as a civil action *in rem,* and a criminal conviction need not be obtained in order for forfeiture to occur. *See Maryland v. Greer*, 263 Md. 692, 284 A.2d 233 (1971). The Maryland courts have found that seizure of money prior to forfeiture proceedings in drug cases does not violate the Fourteenth Amendment or constitute a violation of due process. *See*

*Lumar Sales, Inc. v. Maryland,* 268 Md. 355, 301 A.2d 495, 498 (1973).

This Court has examined the question of due process in forfeiture proceedings, and has held that the complaining party must make a timely demand for return of the property. *See Davis v. Fowler,* 504 F.Supp. 502, 506 (D.Md.1980), *citing McClendon v. Rosetti,* 460 F.2d 111, 113 (2nd Cir.1972). Once a demand for return of the property has been made, the State cannot unreasonably delay a hearing on the issue of forfeiture. *See USA v. Oil Screw Gulf Princess II,* 543 F.Supp. 1037, 1038–39 (S.C.1982).

It appears that while plaintiff's funds were not subject to formal forfeiture proceedings, he has failed to properly petition for the return of his money. On June 2, 2003 plaintiff sent a letter to the Baltimore City Police Department seeking a return of the seized funds. (Paper No. 8, Ex. 1). On June 6, 2003 the Forfeiture Unit of the Baltimore City Police Department responded to plaintiff's request and asked that he complete a Forfeiture Information Sheet so that his claim could be investigated. (*Id.*, Ex. 2). Plaintiff failed to do so. He has offered no explanation for his failure to complete the Forfeiture Information Sheet. That plaintiff chose not to comply with administrative procedures for the return of his money simply does not state a constitutional claim.

Lastly, plaintiff's complaint against the Drug Enforcement Administration shall be dismissed, as there is no evidence that the DEA was involved in the seizure of plaintiff's property.

A separate order follows.