Christy **MEREDITH–CLINEVELL**
Plaintiff,

v.

**DEPARTMENT OF JUVENILE JUSTICE ex rel Commonwealth of Virginia and Jerrauld C. Jones, Director, Department of Juvenile Justice Defendants.**

**No. CIV.A.7:04 CV 00312.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 19, 2004.

---

Terry Neill Grimes, Terry N. Grimes PC, Roanoke, VA, for Plaintiff.

Sydney E. Rab, Office of the Attorney General, Richmond, VA, for Defendant.

### MEMORANDUM OPINION

CONRAD, District Judge.

Christy Meredith–Clinevell brings this action against the Virginia Department of Juvenile Justice (DJJ) and its director, Jerrauld C. Jones, in his official capacity. Ms. Meredith–Clinevell alleges that the defendants violated the overtime and anti-retaliation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207(a)(1) and 215(a)(3), respectively. The case is presently before the court on the defendants' motion to dismiss. For the reasons that follow, the court will grant the defendants' motion.

## BACKGROUND

Ms. Meredith–Clinevell began working as a probation officer for the DJJ in January 2002. At all times relevant to her complaint, Ms. Meredith–Clinevell was eligible for overtime compensation. She was entitled to receive overtime compensation when she worked more than 160 hours during a 28–day pay period.

Ms. Meredith–Clinevell alleges that the defendants failed to compensate her for overtime work, and that the defendants, through their agents and employees, instructed her not to record any overtime hours. Ms. Meredith–Clinevell further alleges that the defendants retaliated against her when she complained about not receiving overtime compensation and about being instructed to falsify her employment records.

Ms. Meredith–Clinevell's complaints led to an investigation by the Office of the Inspector General. A state auditor made the following findings: (1) Ms. Meredith–Clinevell was instructed to falsify her November 2003 time sheet, so that she would not receive any overtime compensation; and (2) Ms. Meredith–Clinevell and other probation staff members felt pressured to record only 160 hours for each 28–day pay period, even though they sometimes worked in excess of 160 hours. The auditor also made several recommendations: (1) Ms. Meredith–Clinevell should be assigned to a different office; (2) her personnel file should be purged of all derogatory documentation related to this matter; (3) she should receive administrative leave for her time off while the matter was under investigation; (4) she should receive $4,064.46 in unpaid overtime compensation;

and (5) her superiors should receive personnel training.

Ms. Meredith–Clinevell filed suit against the DJJ on June 18, 2004. On September 10, 2004, Ms. Meredith–Clinevell amended her complaint to include Mr. Jones as a defendant. The defendants subsequently moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## DISCUSSION

When subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving that subject matter jurisdiction exists in federal court. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The court should not grant a Rule 12(b)(1) motion to dismiss unless "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

When deciding a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the

---

1. The court notes that the defendants attached an exhibit to the supplemental memorandum submitted in support of their motion to dismiss. The court will not consider the exhibit for purposes of the defendants' Rule 12(b)(6) motion. *See* Fed.R.Civ.P. 12; *Wil-*

*son–Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir.1991) (holding that the inclusion of supporting affidavits relating to the 12(b)(6) motion did not convert the motion into a motion for summary judgment because the court did not consider such material).

plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■■ In her amended complaint, Ms. Meredith–Clinevell seeks to recover unpaid overtime compensation and liquidated damages from the defendants, based on the alleged violations of the FLSA's overtime provision. *See* 29 U.S.C. §§ 207(a)(1) and 216(b). However, it is well established that the defendants are immune from liability for monetary damages pursuant to the Eleventh Amendment. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the United States Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662–663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). This immunity extends to state agencies and state officers acting in their official capacities. *Gray v. Laws,* 51 F.3d 426, 430 (4th Cir. 1995). Since the defendants are entitled to Eleventh Amendment immunity, Ms. Meredith–Clinevell's claims for monetary damages against the defendants must be dismissed for lack of subject matter jurisdiction. *See Abril v. Virginia,* 145 F.3d 182, 184 (4th Cir.1998) (affirming the district court's decision to dismiss an action brought by state employees seeking to recover damages for FLSA violations, since the state was entitled to Eleventh Amendment immunity).

■ While state officers acting in their official capacities are immune from liability for monetary damages, they are not entitled to Eleventh Amendment protection when a plaintiff seeks prospective injunctive relief from ongoing violations of federal law. *See Lytle v. Griffith,* 240 F.3d 404, 408 (4th Cir.2001) (discussing *Ex parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Pursuant to this exception to Eleventh Amendment immunity, Ms. Meredith–Clinevell seeks injunctive relief from Mr. Jones based on the alleged violations of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).[2] This provision prohibits employers from discharging or discriminating against an employee because the employee (1) "filed any complaint or instituted or caused to be instituted any proceeding" under the FLSA; (2) "testified or is about to testify in any [FLSA] proceeding;" or (3) "served or is about to serve on an industry committee." *Id.* The FLSA provides that any employer who violates the anti-retaliation provision "shall be liable for such legal or *equitable* relief as may be appropriate ...." 29 U.S.C. § 216(b) (emphasis added).

The defendants argue that Ms. Meredith–Clinevell's amended complaint fails to state a claim for retaliation, because her informal complaints to supervisors are not protected by § 215(a)(3). The defendants emphasize that § 215(a)(3) sets forth three specific categories of conduct for which retaliation is prohibited, and that the three categories do not encompass informal, intra-corporate complaints. To support their argument, the defendants cite to *O'Neill v. Allendale Mut. Ins. Co.,* 956 F.Supp. 661 (E.D.Va.1997). In *O'Neill,* the plaintiff claimed that his employer violated § 215(a)(3) by terminating him in retaliation for his complaints about not receiving overtime compensation. *Id.* at 663. The court considered whether § 215(a)(3) prohibits an employer from taking adverse employment actions against

---

**2.** As previously stated, Ms. Meredith–Clinevell alleges in her amended complaint that the defendants retaliated against her when she complained about not receiving overtime compensation and about being instructed to falsify her employment records.

employees who informally complain about the employer's failure to pay for overtime work. *Id.* The court ultimately concluded that the "well-defined universe of protected activities" set forth in § 215(a)(3) does not include such informal, unofficial complaints. *Id.* at 664. The defendants also cite to the case of *Ball v. Memphis Bar-B-Q Company, Inc.*, 228 F.3d 360, 364 (4th Cir.2000), in which the United States Court of Appeals for the Fourth Circuit narrowly construed the anti-retaliation provision, "[i]n light of Congress' clear intent to limit the scope of retaliation prohibited by the FLSA."

■ Upon reviewing the plain language of § 215(a)(3) and the relevant case law, the court agrees that Ms. Meredith–Clinevell's informal complaints to supervisors do not fall within one of the three categories of protected activities. The court recognizes that several circuits have broadly interpreted § 215(a)(3) to extend to activities that are not explicitly set forth in the statute.[3] However, such broad interpretations are not supported by the statutory language. "While we are instructed to read the FLSA to effect its remedial purposes, the statutory language clearly places limits on the range of retaliation proscribed by the Act." *Ball,* 228 F.3d at 364. *See also Whitten v. The City Of Easley, South Carolina,* 62 Fed.Appx. 477, 480 (4th Cir.2003) ("[T]his Court has expressly held that the FLSA's anti-retaliation provision does not extend to internal complaints."). In concluding that Ms. Meredith–Clinevell's internal complaints

are not protected by § 215(a)(3), the court does not condone the alleged misconduct. Nonetheless, as the court emphasized in *Ball,* this moral judgment does not justify a conclusion that the plaintiff's complaint states a claim for retaliation under the FLSA. 228 F.3d at 365.

## CONCLUSION

For the reasons stated, the court will grant the defendants' motion to dismiss. The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

## ORDER

For the reasons stated in a Memorandum Opinion filed this day, it is hereby

## ORDERED

that the defendants' motion to dismiss is **GRANTED.**

The Clerk is directed to strike the case from the active docket of the court, and to send a certified copy of this Order and the attached Memorandum Opinion to all counsel of record.

---

3. *See EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989) ("The charging parties did not perform an act that is explicitly listed in the FLSA's anti-retaliation provision; however, we conclude that the unofficial complaints expressed by the women to their employer about unequal pay constitute an assertion of rights protected under the statute."); *Crowley v. Pace Suburban Bus Div. of Reg'l Transp., Auth.,* 938 F.2d 797, 798 n. 3 (7th Cir.1991) ("The discharge in this case does not appear to fall within the language of this provision, but § 215(a)(3) has been construed broadly to include retaliation by the employer for an employee's assertion of rights protected under the FLSA."); *Brock v. Richardson,* 812 F.2d 121, 124 (3rd Cir.1987) (interpreting the anti-retaliation provision to cover "activities that might not have been explicitly covered by the language").