**Lamarr ROWELL, Petitioner—Appellant,**

v.

**CLARK COUNTY PUBLIC DEFENDER OFFICE, Respondent—Appellee.**

No. 04–15756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Nov. 29, 2005.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Lamarr Rowell, Tonopah, NV, pro se.

Laura C. Rehfeldt, Esq., Clark County District Attorney's Office, Las Vegas, NV, for Respondent–Appellee.

Before: B. FLETCHER, JOHN R. GIBSON,* and BERZON, Circuit Judges.

## MEMORANDUM **

JOHN R. GIBSON, Circuit Judge.

Lamarr Rowell, a Nevada state prisoner, appeals the district court's dismissal of his complaint seeking to compel the Clark County Public Defender's Office to file an appeal on his behalf in state court challenging his state court convictions. The district court dismissed the complaint under 28 U.S.C. § 1915(e), holding that it was insufficient as a matter of law. Rowell appealed, and we ordered the parties to brief the issue of whether the case requires a certificate of appealability. We conclude that it does not and affirm the judgment of the district court.

### I.

Between July 1998 and July 1999, Rowell pled guilty to drawing and passing a check without sufficient funds with intent to defraud and two counts of burglary. He executed three separate guilty plea agreements and is currently serving a four-to-ten year sentence with a projected release date of February 24, 2007. As a pro se litigant, Rowell has sought numerous forms of post-conviction relief in both the state and federal courts. His direct appeals in state court were dismissed as untimely and his state habeas petitions were denied. Rowell's federal petitions for habeas corpus have been similarly unsuccessful, and he was unable to obtain certificates of appealability in those cases.

On March 11, 2004, Rowell filed a pro se petition in the United States District Court for the District of Nevada requesting the court to order the Clark County Public Defender's Office to file an appeal on his behalf in state court by way of a petition for writ of habeas corpus raising his direct appeal claims. The petition included arguments that his conviction and imprisonment were unlawful, and alleged violations of his constitutional rights to due process, equal protection, and effective assistance of counsel. Rowell claimed that the deputy public defenders assigned to his case failed to adequately advise him of the consequences of pleading guilty, and, had he

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

understood his charges, he would have insisted on a trial and been acquitted.

The district court dismissed his petition under § 1915(e), holding that Rowell failed to provide any jurisdictional basis or legal authority for the relief he sought. Citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the district court also noted that federal courts should not interfere with an on-going state court criminal proceeding. Rowell appeals that decision.

## II.

■ Under the Antiterrorism and Effective Death Penalty Act of 1996, a certificate of appealability is required to appeal a judgment in a habeas corpus action where the detention complained of arises out of a state court process. 28 U.S.C. § 2253(c)(1). The Clark County Public Defender's Office argues that Rowell has attempted to disguise what are really habeas corpus claims as something other than a habeas case. Even construing Rowell's pro se petition liberally, as we are required to do, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), Rowell's action is not a petition for habeas corpus under 28 U.S.C. § 2254.

Although Rowell alleges federal constitutional violations that go to the validity of his confinement, he has not satisfied the requirements of 28 U.S.C. § 2242. Rowell is not suing the person who has custody over him, but rather has sued the public defenders who represented him. *See* 28 U.S.C. § 2242 (application for a writ of habeas corpus "shall allege ... the name of the person who has custody over" the petitioner). As we stated in *Smith v. Idaho*, 392 F.3d 350, 355 n. 3 (9th Cir.2004):

> [W]hen a habeas petitioner has failed to name the proper respondent pursuant to § 2242, we must ask *sua sponte* whether the respondent who *is* named has the power to order the petitioner's release. If not, the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.

For these reasons, we held in *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994), that the district court did not have jurisdiction over a habeas action brought by a petitioner against the Supreme Court of California and the California Public Defender unless the petitioner could timely amend his petition to name the correct party.

In Rowell's case, allowing him to amend his petition to name the warden instead of his public defenders would still not result in a proper habeas petition. Rowell has previously brought federal habeas actions against his prison warden with respect to each of his convictions, and each of those cases has been dismissed. Successive petitions for habeas corpus must meet the requirements of 28 U.S.C. § 2244(b)(2). Rowell has not characterized his suit as a successive petition for habeas corpus nor sought to meet those requirements. Thus, because Rowell's suit does not satisfy the requirements of the federal habeas statute, it does not require a certificate of appealability for us to consider the merits of his appeal.

## III.

We review the district court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e) de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). In reviewing the district court's dismissal the court considers "only the contents of the complaint, taking as true all the allegations of material fact," construed in the light most favorable to the plaintiff. *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir.2003).

As recognized above, we construe pro se pleadings liberally. *Resnick v. Hayes,* 213 F.3d at 447.

■ Rowell argues that his action is akin to a civil rights suit for injunctive relief under § 1983 asserting the deprivation of a constitutional right by a government agency. However, Rowell has failed to meet the requirements for stating a claim under § 1983. We held in *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir.2003)(en banc), that by virtue of the Supreme Court's decision in *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), Nevada public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. Although the plaintiff in *Miranda* had already proven ineffective assistance of counsel in a prior habeas case, we held that he could not state a § 1983 claim for damages against his public defenders because there was no state action. *See also Cox v. Hellerstein,* 685 F.2d 1098, 1098–99 (9th Cir.1982) (dismissing a similar suit against a federal public defender for lack of subject matter jurisdiction). Therefore, regardless of whether Rowell can prove that the Clark County Public Defender's Office provided him with ineffective assistance of counsel, he can state no claim under § 1983 because he is not suing a state actor.

What Rowell is requesting in this action is for the district court to appoint counsel to file an appeal on his behalf in state court, via a state petition for writ of habeas corpus raising issues reserved for a direct appeal. Rowell has provided us with no legal authority indicating that we have jurisdiction to grant him the relief he seeks. Accordingly, we affirm the order of the district court. AFFIRMED.