Jerome CURRY, Plaintiff,

v.

The State of SOUTH CAROLINA; Department of Corrections for S.C.; Charleston County Public Defender's Office; Lorrie Proctor, Public Defender; Lawrence C. Kobrovsky; The Department of Juvenile Justice, Defendants.

No. 2:07–599–PMD–GCK.

United States District Court, D. South Carolina.

June 20, 2007.

Jerome Curry, Charleston, SC, Pro se.

### *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that Plaintiff Jerome Curry's ("Plaintiff" or "Curry") Complaint be dismissed without prejudice. The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1). A dissatisfied party may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On March 21, 2007, Curry filed timely objections to the R & R.[1]

### *BACKGROUND*

On February 28, 2007, Plaintiff, who is proceeding *pro se*, brought suit pursuant to 42 U.S.C. § 1983 seeking damages for personal injury, post-traumatic stress disorder, lost wages, psychological damages, emotional distress, and breach of duty. (Compl. at 6.) Plaintiff's cause of action arises out of the fact that he received a maximum sentence of fifteen years imprisonment as a result of a guilty plea to two counts of strong armed robbery. (Compl. at 3.) After being sentenced and imprisoned, Plaintiff sought post-conviction relief ("PCR") and was successful; he was resentenced to four years imprisonment after having served five years and eight months in the South Carolina Department

---

1. Also before the Court is Plaintiff's Motion to Amend filed on March 13, 2007. Specifically, Plaintiff seeks to add three defendants to his suit: the Charleston County Solicitor's Office, the Charleston County Police Department, and Charleston County Family Court. After addressing Plaintiff's Objections, the court considers Plaintiff's Motion to Amend.

of Corrections ("SCDC").[2] Plaintiff is thus no longer incarcerated and resides in Charleston, South Carolina.

On March 14, 2007, Magistrate Judge George C. Kosko entered an R & R recommending this court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (*See* R & R at 7.) The R & R states, "Assuming plaintiff is alleging federal question jurisdiction under 42 U.S.C. § 1983, based on a violated Fourth Amendment liberty interest, this action fails to state a claim against these defendants." (R & R at 4.) At the time the Magistrate Judge issued his R & R, the defendants in the case were The State of South Carolina; The Department of Corrections for S.C.; Charleston County Public Defender's Office; Lorrie Proctor, Public Defender; Lawrence C. Kobrovsky; and The Department of Juvenile Justice. The Magistrate Judge stated that the State of South Carolina, Department of Corrections, and the Department of Juvenile Justice "are immune from suit under the Eleventh Amendment of the United States Constitution." (R & R at 4.) Furthermore, the Magistrate Judge recommended dismissal because "The Charleston County Public Defender's Office, Lorrie Proctor, and Lawrence C. Kobrovsky are entitled to summary dismissal because there is no state action on the part of these defendants." (R & R at 5.) The R & R also noted that "[a] civil action for plaintiff's state claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied." (R & R at 7.) However, because the Complaint "implies that all parties are located in the State of South Carolina," the court does not have diversity jurisdiction. (R & R at 7.) The Magistrate Judge thus recommended dismissing Plaintiff's cause of action without prejudice.

## DISCUSSION

### A. Objections to the R & R

#### 1. Standard of Review

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, because the court considers the addition of three defendants since the time the Magistrate Judge issued his recommendation, the court modifies the R & R.

#### 2. Plaintiff's Objections

While the court has some difficulty understanding Plaintiff's arguments, the court reads his objections to the R & R broadly to find an objection to the Magistrate Judge's determination (1) that the State of South Carolina, the Department of Corrections, and the Department of Juvenile Justice are immune from suit under

---

2. Plaintiff alleges, *inter alia,* that Lorrie Proctor ("Proctor") did not provide him with effective assistance of counsel; that the State of South Carolina "discriminated towards [him] and denied [him] Equal [P]rotection by giving [him] a 15–year sentence instead of a [Youthful Offender Act] sentence at the age of 17 for strong arm robbery;" that Proctor and the State of South Carolina ignored his mental impairment; and that attorney Lawrence C. Kobrovsky breached a duty towards Plaintiff by "giving [his] legal information to another attorney without [Plaintiff's] consent." (Compl. at 3–5.) He also claims that he suffered from a mental impairment at the time of his conviction and sentence and that his mental impairment was exacerbated by the length of time he was incarcerated. (Compl. at 5.)

the Eleventh Amendment and (2) the Charleston County Public Defender's Office, Lorrie Proctor, and Lawrence Kobrovsky are entitled to dismissal because there is no state action on the part of these defendants. According to Plaintiff, "[t]he defendants in this civil rights claim violated the plaintiff['s] civil rights, human rights, state and federal constitutional rights as well as liberty . . ." (Objections at 1.) Plaintiff asserts that because this court has jurisdiction over § 1983 actions, "it would be shameful to overlook" such constitutional and civil rights violations. (Objections at 3.) In his Objections, Plaintiff asserts the following:

(1) that Lorrie Proctor violated the duty to avoid conflicts of interest and violated Plaintiff's constitutional right to effective assistance of counsel;

(2) that the Charleston County Police Department "violated the plaintiff['s] rights as a 'child' due to the fact that this department processed the plaintiff as an adult instead of as a juvenile without a waiver hearing";

(3) the Solicitor's Office "violated the plaintiff['s] constitutional rights by sentencing the plaintiff as an adult knowing that at the time plaintiff was suffering from major depression . . . [a]nd was a minor"; and

(4) the Department of Juvenile Justice "violated the plaintiff['s] rights by releasing the plaintiff to the Charleston County Detention Center for adults awaiting to be sentence[d] as an adult . . ., knowing that plaintiff was under their jurisdiction and was suffering from mental impairment."

(Objections at 2–4.) Nowhere in his Objections does Plaintiff discuss immunity pursuant to the Eleventh Amendment or whether certain defendants acted under color of state law.

### 3. Eleventh Amendment Immunity

As previously noted, the Magistrate Judge stated the State of South Carolina, the Department of Corrections, and the Department of Juvenile Justice are immune from suit under the Eleventh Amendment. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh,* 82 F.3d 410, 1996 WL 174623, at *1 (4th Cir.1996) (unpublished table decision); *see also LCS Servs., Inc. v. Hamrick,* 948 F.2d 1281, 1991 WL 255852, at *2 (4th Cir.1991) (unpublished table decision) ("The Eleventh Amendment precludes federal courts from hearing suits against states."). In *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the Supreme Court stated,

[I]n *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), the Court held that, despite the limited terms of the Eleventh Amendment, a federal court could not entertain a suit brought by a citizen against his own State. . . .

A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court. We have insisted, however, that the State's consent be unequivocally expressed. Similarly, although Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate Eleventh Amendment immunity, we have required an unequivocal expression

of congressional intent to overturn the constitutionally guaranteed immunity of the several States....

This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. There may be a question, however, whether a particular suit in fact is a suit· against a state. It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.

*Pennhurst*, 465 U.S. at 98–100, 104 S.Ct. 900 (internal quotation marks and citations omitted).

Pursuant to *Pennhurst State School & Hospital v. Halderman*, unless the State of South Carolina has consented to suit, it has immunity pursuant to the Eleventh Amendment. *Id.* at 98–99, 104 S.Ct. 900; *see also Garrett v. Angelone*, 230 F.3d 1352, at 2000 WL 1275318, *1 (4th Cir. 2000) (unpublished table decision). As noted by the Magistrate Judge, the State of South Carolina has not consented to suit in federal court. *See* S.C.Code § 15–78–20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."); *see also Stewart v. Beaufort County*, 481 F.Supp.2d 483, 493 (D.S.C.2007); *Pringle v. S.C. Retirement Sys.*, No. 2:06–3294–PMD, 2007 WL 295626, at *5 (D.S.C. Jan. 29, 2007). Thus, the Magistrate Judge correctly determined the State of South Carolina has Eleventh Amendment immunity.

■ The Magistrate Judge also properly determined the Department of Correc-

tions and the Department of Juvenile Justice have Eleventh Amendment immunity. As the Court noted in *Pennhurst,* "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." 465 U.S. at 100, 104 S.Ct. 900. Because the State has not consented to suit, both the Department of Corrections and the Department of Juvenile Justice, as agencies of the State, have such immunity. *See Collins, Jr. v. S.C. Dep't of Corr.,* No. 0:06–391, 2007 WL 1381522, at *2 (D.S.C. May 4, 2007) (noting the South Carolina Department of Corrections is "an agency of the State of South Carolina" and therefore "immune from suit under 42 U.S.C. § 1983 under the Eleventh Amendment to the United States Constitution"); *Meredith–Clinevell v. Dep't of Juvenile Justice,* 344 F.Supp.2d 951, 954 (W.D.Va.2004) (noting Virginia's Department of Juvenile Justice was "immune from liability for monetary damages pursuant to the Eleventh Amendment"); *cf. Ristow v. S.C. Ports Auth.,* 58 F.3d 1051, 1053 (4th Cir.1995) ("Considering the practical effect of a putative Ristow judgment on the state treasury sways us to conclude that the Ports Authority, from an Eleventh Amendment perspective, is the alter ego of the State of South Carolina."); *Dowling v. South Carolina,* No. 0:06–1309–PMD–BM, 2006 WL 1751742, at *2 (D.S.C. May 18, 2006) (noting the Department of Social Services is immune from suit pursuant to the Eleventh Amendment); *Belcher v. S.C. Bd. of Corr.,* 460 F.Supp. 805, 809 (D.S.C.1978) ("[T]he court must dismiss ... The South Carolina Department of Corrections ... as plaintiff seeks to impose a liability upon [it] which would require payment from public funds which is impermissible under the Eleventh Amendment.").

#### 4. State Action

 The Magistrate Judge determined that defendants the Charleston County Public Defender's Office, Lorrie Proctor, and Lawrence C. Kobrovsky are entitled to dismissal because there is no state action on the part of these defendants. (R & R at 5.) In order to prevail on his § 1983 claim, Plaintiff must prove (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir.1998). In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court addressed the issue of "whether a public defender acts under color of state law when providing representation to an indigent client." *Polk County,* 454 U.S. at 317, 102 S.Ct. 445. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325, 102 S.Ct. 445; *see also Hall v. Quillen,* 631 F.2d 1154, 1156 (4th Cir.1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action); *Stroman v. S.C. Office of Appellate Defense,* 447 F.Supp.2d 515, 518 (D.S.C.2005); *Johnson v. Harris,* 483 F.Supp. 710, 712 (D.Md.1980) ("[C]ourt-appointed counsel in the normal situation do not act 'under color of' state law, for purposes of liability under § 1983, in undertaking representation of indigent defendants in criminal cases."). Nor does a private attorney retained to represent a criminal defendant act under color of state law. *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir.1976). Lorrie Proctor is a public defender, and Plaintiff alleges that "Attorney Lawrence C. Kobrovsky breach his duty towards me in a damage claim by giving my legal information to another attorney without my consent." (Compl. at 5.) The Magistrate Judge thus properly determined these two defendants are entitled to be dismissed for lack of state action. The Magistrate Judge also properly determined that the Charleston County Public Defender's Office is entitled to be dismissed from Plaintiff's lawsuit. *See Rowell v. Clark County Public Defender's Office,* 157 Fed.Appx. 973, 976 (9th Cir. 2005) ("[R]egardless of whether Roswell can prove that the Clark County Public Defender's Office provided him with ineffective assistance of counsel, he can state no claim under § 1983 because he is not suing a state actor."); *cf. Eling v. Jones,* 797 F.2d 697, 699 (8th Cir.1986) (finding no state action in suit against public defender when the Public Defender's office refused to provide copies of transcripts to indigent prisoners); *Ellsworth v. Wallace,* No. 05–CV–524–JHP–PJC, 2005 WL 2978926, at *4 (N.D.Okla. Nov. 7, 2005) (dismissing the plaintiff's claims against a public defender and the Tulsa County Public Defender's Office for want of state action); *Jacobs v. N.J. Public Defender's Office,* No. Civ. A. 05–3139 FLW, 2005 WL 1541064, at *3 n. 2 (D.N.J. June 28, 2005) ("The [c]ourt also notes that with respect to the Public Defender's Office itself, the United States Supreme Court has held that neither a state no[r] its officials acting in their official capacities are 'persons' under § 1983." (internal quotation marks and citation omitted)). The court therefore dismisses the Charleston County Public Defender's Office, Lorrie Proctor, and Lawrence C. Kobrovsky from Plaintiff's lawsuit.

### B. Plaintiff's Motion to Amend

#### 1. Standard of Review

 Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to

amend a pleading "be freely given when justice so requires." While this court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman [v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)], 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). A delay in bringing a proposed amendment is insufficient reason to deny leave to amend. *Id.*

 For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510–511; *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' ... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.,* under motions to dismiss or for summary judgment, ..., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980)); *see also Robinson v. GEO Licensing Co., L.L.C.,* 173 F.Supp.2d 419, 423 (D.Md.2001).

## 2. Analysis

 As previously noted, Plaintiff requested the addition of three defendants to this lawsuit that were not considered by the Magistrate Judge: the Charleston County Solicitor's Office, the Charleston County Police Department, and Charleston County Family Court. Although a state and its agencies are entitled to Eleventh Amendment immunity, the Eleventh Amendment does not bar suits against local government entities or local government officials sued in their official capacity. *Gray v. Laws,* 51 F.3d 426, 431 (4th Cir.1995). However, because the Charleston County Solicitor's Office "is an integral part of the State of South Carolina, it ... has Eleventh Amendment immunity." *Williams v. South Carolina,* No. 006–2590–CMC–BM, 2006 WL 3843608, at *5 (D.S.C. Dec. 22, 2006) (citing S.C. CONST. art. V, § 24; S.C. CODE § 1–7–310); *see also McFadden v. Clarendon County Sheriff's Dep't,* No. 3:00–2536–24, 2001 WL 34085610, at *8 (D.S.C. May 21, 2001) ("Defendant Cothran has absolute prosecutorial immunity insofar as his actions in the plaintiff's criminal case are concerned."). The Charleston County Family Court is also immune from suit. *See Hernandez v. U.S. Family Court of Bronx County,* No. 96 CIV. 6138(RPP), 1997 WL 458751, at *5 (S.D.N.Y. Aug. 11, 1997) ("Eleventh Amendment immunity also extends to a state's agencies and courts, and officials of those state agencies and courts when acting in their official capacities cannot be sued for damages. This court does not have subject matter jurisdiction over plaintiff's claims against the Bronx Family Court because the Bronx Family Court is a court or agency of the State of New York."); *Amankwaah v. Cayuga County,* No. 92–CV–1103, 1992 WL 296459, at *3 (N.D.N.Y. Oct. 16, 1992) ("Plaintiff's suit against the State's Family court must be dismissed because plaintiff has sued an agency of the state, an entity that is not subject to liability under ... [42 U.S.C. § 1983]."); *cf. Brown v. Tunstall,* No. 9:07–603–JFA, 2007 WL 1306746, at *2

(D.S.C. May 3, 2007) ("The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. As South Carolina Family Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from a claim for damages arising out of their judicial actions." (citing *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991))). Because amending the Complaint to add the Charleston County Solicitor's Office and the Charleston County Family Court would be futile, the court denies Plaintiff's Motion to Amend the Complaint to add these two defendants.

■■■ The question of whether the court Charleston County Police Department is subject to suit under § 1983 is a more difficult question. A county sheriff is entitled to Eleventh Amendment protection, as is a county Sheriff's Department. *See Cromer v. Brown,* 88 F.3d 1315, 1332 (4th Cir.1996) ("[I]t is unclear whether the state treasury would be partially liable for a judgment in this case. However, we have considered the remaining factors relevant to the immunity analysis and conclude that, in his official capacity, Sheriff Brown is an arm of the state."); *McCall v. Williams,* 52 F.Supp.2d 611, 623 (D.S.C. 1999) ("To the extent that Plaintiff alleged a separate cause of action against the Williamsburg County Sheriff's Department, this claim fails as a matter of law because the Sheriff's Department, like the sheriff, is an arm of the state and entitled to Eleventh Amendment immunity."); *Blankenship v. Warren County, Va.,* 918 F.Supp. 970, 974 (W.D.Va.1996).

The question is less clear, however, with respect to a city's police department. In *Mickle v. Ahmed,* 444 F.Supp.2d 601 (D.S.C.2006), this court stated,

A municipal police officer does not qualify for Eleventh Amendment immunity. *See Nelson v. Strawn,* 897 F.Supp. 252 (D.S.C.1995) (holding that the Moncks Corner Police Department, and its officers acting in their official capacities, are not shielded from suit by the Eleventh Amendment) (vacated on other grounds); *Thomas v. St. Louis Bd. of Police Commrs.,* 447 F.3d 1082 (8th Cir. 2006) (holding that the Eleventh Amendment does not shield the St. Louis Police Department, or its officers, from an arrestee's § 1983 claim, because a municipal police department is not an arm-of-the-State); *see also Northern [Ins. Co. of N.Y. v. Chatham County, Ga.,* 547 U.S. 189, 126 S.Ct. 1689, 164 L.Ed.2d 367 (2006)]* (reversing the Eleventh Circuit and holding "residual immunity" does not immunize entities from suit in federal court).

*Mickle,* 444 F.Supp.2d at 612; *see also Chin v. City of Baltimore,* 241 F.Supp.2d 546 (D.Md.2003) (finding the Baltimore Police Department is not entitled to Eleventh Amendment immunity but that the complaint fails to state a claim because the plaintiffs "have not alleged sufficient facts to establish that the search ... was the result of a custom or policy of the Baltimore Police Department"). *But see Dixon v. Baltimore City Police Dep't,* 345 F.Supp.2d 512, 513 (D.Md.2003) (dismissing the plaintiff's complaint against the Baltimore City Police Department because the police department was a state agency and Maryland had not waived its Eleventh Amendment immunity to suit in federal court).

In *Moultrie v. Mitchell,* 46 F.3d 1125 (4th Cir.1995) (unpublished table decision), the plaintiff was appealing, *inter alia,* a district court order dismissing some of the

defendants in his § 1983 action. *See Moultrie*, 1995 WL 24891, at *1. The plaintiff alleged the defendants used excessive force in arresting him and that as a result, he suffered from headaches and blurred vision. *Id.* After he presented his evidence at trial, the judge dismissed the complaint as to the City of Charleston, the City of Charleston Police Department, and the Chief of Police of that department. *Id.* The Fourth Circuit affirmed this ruling:

The doctrine of respondeat superior is generally inapplicable to § 1983 suits, *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), but liability may attach if the conduct directly causing the deprivation of a constitutional right was undertaken to effectuate official policy or custom for which the official is responsible. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir.1982). . . .

. . .

Local governing bodies may be sued for monetary, declaratory, or injunctive relief under § 1983 when the alleged unconstitutional action executes governmental policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. To establish municipal liability, [the plaintiff] must establish that his harm was caused by a constitutional violation for which the municipality is responsible. A municipality is responsible only when the execution of the government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts injury. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. Where the constitutional deprivation is not an official act of the municipality, recovery lies only against the officer in his official capacity. *Hughes v. Blankenship*, 672 F.2d 403, 405–06 (4th Cir. 1982).

*Id.* Applying these rules, the Fourth Circuit found the district court properly dismissed the City of Charleston and its police department because "[t]here is no evidence that … [these two defendants are] responsible for any alleged constitutional violation or that [the plaintiff] suffered any injury as a result of the execution of any governmental policy or custom." *Id.* at 1995 WL 24891, *2.

In the case *sub judice*, Plaintiff requests adding the Charleston County Police Department as a defendant, alleging the Charleston County Police Department violated his rights "due to the fact that the plaintiff was a minor by statute and the Charleston County Police [D]epartment finger[printed] the plaintiff and process[ed] the plaintiff as an adult instead of a juvenile. This resulted in the plaintiff receiving a 15 year sentence as an adult" without having a waiver hearing. (Mot. to Amend at 2.) The court finds Plaintiff's proposed amendment is not clearly insufficient or frivolous and therefore grants Plaintiff's Motion to Amend and add the Charleston County Police Department as a defendant.

### CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the following defendants be dismissed: the State of South Carolina; the Department of Corrections for S.C.; Charleston County Public Defender's Office; Lorrie Proctor; Lawrence C. Kobrovsky; and The Department of Juvenile Justice. Furthermore, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Amend Complaint. Specifically, the court denies Plaintiff's Motion to Amend Complaint to add the Charleston County Solicitor's Office and the Charleston County Family court as defendants. The court grants Plaintiff's Motion to Amend Complaint to add the

Charleston County Police Department as a defendant.

**AND IT IS SO ORDERED.**